

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>MidFirst Bank | **Order Filed on July 29, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Milagros Nin, William Nin<br><br>Debtors. | Case No.:  19-13570 VFP<br>Adv. No.:<br>Hearing Date:  8/1/19 @ 8:30 a.m.<br><br>Judge:  Vincent F. Papalia |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: July 29, 2019**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtors:          Milagros Nin, William Nin
Case No.:         19-13570 VFP
Caption:          **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor MidFirst Bank, holder of a mortgage on real property located at 31 Harrison Place, Clifton NJ 07011, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured                        Creditor                        and Robert L. Sweeney, Esquire, attorney for Debtors, Milagros Nin and William Nin, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors are to obtain a loan modification by November 1, 2019, or as may be extended by modified plan; and

It **ORDERED, ADJUDGED and DECREED** that Debtors are to make regular post-petition payments in accordance with the terms of the note and mortgage and applicable payment change notices while the loan modification is pending; and

It **ORDERED, ADJUDGED and DECREED** that the trustee is not to pay the arrears while the loan modification is pending; and

It **ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtors shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.